GREENWOOD A. ROBINSON, complainant-appellant,

*v.*

PIPE ORGAN MAINTENANCE COMPANY, defendant-respondent.

[Submitted May term, 1927.   Decided December 1st, 1927.]

1. The assignment of an insolvent vendor's rights under a conditional sales contract covering the sale of a pipe organ and providing that the vendor was to repair all defects which developed within five years after the sale, *held*, valid as against the vendee's contention that the contract required personal service in making repairs, particularly in view of the vendee's breach of provisions respecting repairs by others than the vendor.

2. The purchaser of a pipe organ in this case lost his right to rescind the contract by acts constituting acceptance under the Sales act.   *Comp. Stat. p. 4658 § 48.*

*Messrs. Melosh, Morten & Melosh,* for the appellant.

*Messrs. Ziegener & Lane,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

This is an appeal from a decree advised by the late Vice-Chancellor Griffin.  The record is in a somewhat confused state owing to the fact that the cause was originally brought in the Hudson county circuit court, in the form of an action in replevin, and to the plaintiff's complaint filed therein, an answer and counter-claim were filed by the defendant, and when the action came on for trial in the circuit court, the trial judge, being of the opinion that the action should be transferred to the court of chancery, made an order to that effect.  The result of the suit in the court of chancery was a decree in favor of the defendant-respondent against the complainant-appellant.

The controversy between the parties arose out of the following facts and circumstances. On June 14th, 1916, the American Master Organ Company entered into a contract with the complainant-appellant, whereby the latter agreed to purchase an organ at the price of $5,650, $250 to be paid on signing the contract; $400 on the erection of the organ and the balance in installment payments of $150 per month. The company warranted that the organ when completed would be free from any defects in workmanship or material, for a period of five years, and if any such defects occurred within that time it would remedy the same at its own expense. The organ was installed in October, 1916. On the 5th of October, 1917, the organ company was decreed to be insolvent and a receiver was appointed. On November 12th, 1917, when the receiver demanded money, complainant wrote a letter to the company in which he stated the organ needed the repairs which would cost $45 in all. This letter was written after the appointment of the receiver. On May 27th, 1918, the receiver was authorized by the court in chancery to sell and transfer to the defendant-respondent, all the right, title and interest of the organ company under its agreement with the complainant-appellant.

The complainant kept the organ and took it apart and leased the piano which was attached thereto. At the request of the complainant, defendant made repairs to the organ and continued to do so even after the complainant had taken it apart. No objection was made by complainant at any time prior to the institution against him of the replevin suit by the defendant to recover the organ, that the contract had been improperly assigned by the receiver to the defendant. It appears that after repeated requests had been made on behalf of the defendant to the complainant for the payment of the purchase price and he paying no heed to them, demand was made for the return of the organ, for under the contract, title did not pass until the purchase price was paid, and complainant failing to comply with the demand, defendant, on the 24th day of February, 1919, instituted the action of replevin in the Hudson county circuit court, as has already

been stated, which tribunal, by order, transferred the cause to the court of chancery to be there dealt with.

When the cause came before Vice-Chancellor Griffin, on the pleadings in the law suit, at his suggestion, that equity pleadings be substituted in lieu thereof, the complainant, on the 26th day of February, 1923, filed the present bill of complaint, praying that the contract between him and the American Master Organ Company may be declared to be rescinded on part of the complainant and the sale of said contract by receiver of the insolvent organ company to the defendant company be declared null and void as against complainant, and further incidental relief.

To this bill the defendant filed an answer and counter-claim and in the latter prayed for a decree against complainant for the balance of the unpaid purchase price, with interest, under the contract, and that it may have a lien upon the organ for the payment thereof; or in the alternative, if it be determined that the said organ should be delivered to the defendant, that it may be decreed that the value thereof had depreciated and the amount of such depreciation and the value of said organ, less the cost of removal, may be fixed, and that it may be decreed that the defendant in addition to the return of said organ and its equipment is entitled to recover from the complainant the balance of the purchase price with interest, after deducting the present value of the organ and equipment, less the cost of removal.

The learned vice-chancellor decreed that there was due to defendant company the sum of $4,100, together with interest from the 28th day of September, 1919, amounting to the sum of $1,722, making in all the sum of $5,822 and the taxed costs of suit including a counsel fee of $350; that a sale of the organ, piano and equipment remaining in the hands of the complainant, be had under the direction of a special master within thirty days from the date thereof, and that the moneys realized from the sale, less the expenses thereof, be paid up to the amount due on this decree to the defendant and credited on account of the moneys found due, and that the special master do take immediate possession of the organ,

piano and equipment and that he, or either of the parties, may at any time apply to this court for further directions respecting said sale.

The decree of the vice-chancellor was clearly warranted by the testimony adduced before him.

There is no merit in the contention of counsel for appellant that the contract between him and the Master Organ Company was not assignable.

The argument advanced in support of this contention is, that the contract contained a guaranty clause, whereby the organ company warranted that the organ, sold to the appellant, when completed, shall be free from any defect or defects in material or workmanship, and agreed that if any such defect or defects developed within five years after the completion of the organ, it, the organ company, upon receiving written notice within such period of defect or defects, forthwith remedy the same at its own expense, and as this was a personal undertaking it followed, as a matter of course, when the company became insolvent within a year after the making of such contract, by operation of law, that the contract came to an end. We need not stop to consider the soundness of this assertion, as a settled legal principle, because the premises upon which the argument of counsel is predicated, ignores the essential fact that the guaranty was not an absolute, but a conditional guaranty, as appears from its terms, explicitly set forth in the contract, namely, that the appellant shall not permit nor allow any other workmen or builders to be admitted into the interior of the organ for the purpose of investigation, tuning, repairs or otherwise, without the authorization in writing of the organ company, &c., and with this condition the appellant, according to the testimony, did not comply.

But, in view of the uncontroverted facts that the appellant did not see fit, nor took any steps, to rescind the contract, at the time the organ company became insolvent and a receiver was appointed, and made no objections to the assignment of the contract by the receiver of the organ company to the respondent until the action of replevin was commenced

in 1919 by the latter against the appellant to recover the organ, and that after the insolvency and the appointment of the receiver and the assignment of the contract by the receiver to the respondent, the appellant requested and received the services of the respondent to make repairs to the organ, with which request the latter complied, and that appellant has continued in possession of the organ and dealt with it in a manner inconsistent with the respondent's ownership of the instrument, up to the present time, which circumstance, under section 48 of the Sales act (*Comp. Stat. p. 4658*), is deemed as an acceptance of the article sold (*Wurlitzer Manufacturing Co.* v. *United Realty and Amusement Co., 87 N. J. Law 656*), the appellant lost the right to rescind the contract.

The appellant's whole course of conduct, as disclosed by the testimony in the cause, from the time the organ was installed up to the time of the filing of his bill of complaint is replete with confirmatory acts of acquiescence by him in the assignment of the contract by the receiver to respondent and of the appellant's acceptance of the organ as in compliance with the terms of the contract.

The further contention by appellant, that respondent, at the time the contract was assigned to it, was not incorporated, and, therefore, took nothing by the assignment is inconsequential, since it appears that the respondent became incorporated in January, 1919, and upon its formation took over the property.

These views lead to an affirmance of the decree, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.  13.

*For reversal*—None.